IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY BROWN<br>316 Oakridge Drive<br>Mountville, PA 17554<br>          Plaintiff<br>     v.<br>BLUE PHOENIX INASHCO USA, INC.<br>1860 Blake Street, Suite 170<br>Denver, CO 80202<br>          Defendant | Civil Action No. _____ |

## CIVIL COMPLAINT

Plaintiff, Timothy Brown, by and through his attorneys, The Derek Smith Law Group, PLLC, hereby bring this civil action sounding in wrongful termination and violation of public policy with regard to Blue Phoenix Inashco USA, Inc.'s termination of Plaintiff in retaliation for him having a Workers' Compensation claim. Plaintiff alleges and avers:

### Parties

1. Plaintiff, Timothy Brown, is an adult individual that resides at the above captioned address and at all times relevant was employed by Blue Phoenix Inashco USA, Inc.

2. Defendant, Blue Phoenix Inashco USA, Inc., is an entity, organization, and/or corporation duly existing under the laws of the Commonwealth of Pennsylvania with a registered office at the above captioned address, and at all times was Plaintiff's employer.

3. Defendant, Blue Phoenix Inashco USA, Inc. (hereinafter "Defendant") accepted, agreed, adopted, acquiesced, and/or otherwise was/were bound by the actions, omissions, and conduct of its owners, managers, supervisors, employees, and agents.

**Jurisdiction and Venue**

4. This Court has diversity subject matter jurisdiction over this matter as it involves an out-of-state Defendant and the amount in controversy is in excess of $75,000.

5. Venue is appropriate before this Court as all actions and omissions giving rise to this litigation occurred in the Eastern District of Pennsylvania (i.e. Berks, Bucks, Chester, Delaware, Lancaster, Lehigh, Montgomery, Northampton, and Philadelphia).

**Summary of Facts**

6. Plaintiff was employed by Defendant as an Operator from November of 2020 to January 15, 2021.

7. At the time of his termination, Plaintiff earned around $18.75 an hour and worked full-time (40 hours a week) plus around 10 hours of overtime a week.

8. Plaintiff's work as an Operator for Defendant required repetitive hand motion two to three hours a day, and the operation of heavy tools and machinery that vibrated.

9. Plaintiff began having numbness and tingling in his hands and wrists and in the mornings, he had difficulty opening his hands.

10. Plaintiff informed his supervisor Doug Graham on January 8, 2021 that the numbness, tingling, and difficulties he was having with his hands required medical attention.

11. Mr. Graham responded: "you got to do what you got to do."

12. Plaintiff sought medical care with Concentra Medical Centers, 113 Butler Avenue, Lancaster, PA 17601, which is/was believed to be a panel provider for Defendant's Workers Compensation insurance policy/carrier.

13. Concentra examined Plaintiff on January 8, 2021 and diagnosed tendonitis of both wrists.

14. Concentra: placed Plaintiff on methylprednisolone medication; referred Plaintiff to three weeks of Physical Therapy at a rate of three visits a week; provided Plaintiff a Wrist Brace; and, recommended no lifting, pushing, pulling in excess of 15 lbs and unable to use power, impact, or vibratory tools with the right or left upper extremity.

15. Plaintiff returned to work the next day and provided Mr. Graham the restrictions, however, Mr. Graham placed Plaintiff back to work normal duties.

16. Plaintiff returned to Concentra on January 12, 2021 for Physical Therapy and was issued further restrictions, including "no scrapping."

17. Plaintiff returned to Concentra on January 13, 2021 for Physical Therapy and examination and Concentra issued the same restrictions but with the further restriction of a 5 lb lifting, pushing, pulling restriction.

18. Mr. Graham told Plaintiff to not return to work until after his next appointment.

19. Plaintiff recalls having his next appointment with Concentra on January 15, 2021.

20. On January 15, 2021, however, before Plaintiff went to Concentra, Mr. Graham called Plaintiff to inform that Plaintiff was terminated.

21. A termination letter came a few hours later and stated that Defendant had attempted to accommodate Plaintiff but was unable to do so because of a hardship.

22. Contrary to the letter, Plaintiff never went through a process where possibilities and accommodations were considered or discussed.

23. Furthermore, Plaintiff alleges and believes that there are/were other positions within Plaintiff's work restrictions available at the time of his termination.

24. Plaintiff was terminated as a result of Defendant attempting to avoid a potentially costly Workers' Compensation claim, and the increased premiums and costs associated therewith.

25. Plaintiff was terminated as an example or a warning to other workers about seeking Workers' Compensation benefits.

26. Plaintiff was beginning a comprehensive rehabilitation process with Concentra at the time of his termination, and that rehabilitation process included am eventual surgery.

27. As a direct and proximate result of Defendant's conduct, Plaintiff has damages and harms including loss of earnings, loss of wages, out-of-pocket expenses, mental anguish, embarrassment, pain, suffering, humiliation, loss of reputation, and other related harms.

28. Defendant retaliated against Plaintiff for exercising his rights under the Workers' Compensation Act, to seek medical care for a work-related injury.

## COUNT ONE
### Retaliation in Violation of Public Policy - <u>Shick v. Shirey</u>, 552 Pa. 590 (1998). <u>Plaintiff v. Defendant</u>

29. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

30. Under the Pennsylvania Supreme Court decision in <u>Shick v. Shirey</u>, 552 Pa. 590 (1998), it is a violation of public policy and thus an exception to the at-will employment status for an employer and/or individual to retaliate against an employee for having exercised his or her rights under the Workers' Compensation Act.

31. Defendant was Plaintiff's employer.

32. Plaintiff suffered an injury in the course and scope of his employment.

33. Plaintiff placed Defendant on notice of his work-related injury and need for medical assistance, care, restrictions, and other related treatment.

34. Defendant initially interfered with Plaintiff's attempts to seek relief under the Workers Compensation Act by disregarding the work restrictions, not reporting the injury to the Workers' Compensation carrier, and other similar conduct and then Defendant retaliated against Plaintiff by terminating him.

35. The temporal proximity of Plaintiff's protected activity (seeking medical care, putting Defendants on notice of a work-related injury, and presenting restrictions from a work-related injury), to his termination is of an unusually suggestive temporal proximity, to raise an inference of retaliation without further evidence.

36. Moreover, Plaintiff alleges and believes evidence exists of a causal relation between his protected activity and retaliation/termination including potential series of animus and/or antagonism.

37. As a direct and proximate result of Defendant's retaliation, Plaintiff has damages and harms including loss of earnings, loss of wages, out-of-pocket expenses, mental anguish, pain, suffering, embarrassment, humiliation, loss of reputation, and other related harms.

WHEREFORE, Plaintiff, Timothy Brown, demands Judgment in his favor and against Defendant, Blue Phoenix Inashco USA, Inc., for all damages reasonable, necessary, and just.

DEREK SMITH LAW GROUP, PLLC

_____
CHRISTOPHER J. DELGAIZO, ESQUIRE
Attorney for Plaintiff

*Attorney I.D. No. 200594*
1835 Market Street, Suite 2950
Philadelphia, PA 19103
T: 215-391-4790
Email: Chris@dereksmithlaw.com

Date: May 23, 2022